■ TRIANGLE EXPLORATION AND DRILLING CORPORATION et al., Appellants, v SORINA HOLDING, S. A., Respondent.—Order, Supreme Court, New York County (Carol H. Arber, J.), entered on or about April 15, 1992, which granted the defendant's motion to stay the action pending arbitration and denied the plaintiffs' cross motion to stay arbitration, unanimously reversed, on the law, the plaintiffs' cross motion is granted, the arbitration is stayed, and the defendant's motion is denied, with costs.

On November 23, 1983, the plaintiff Triangle Exploration and Drilling Corporation ("Triangle") entered into an agreement ("the Purchase Agreement") with the defendant, pursuant to which the defendant purchased shares of Triangle's stock. The defendant also entered into an agreement ("the Guaranty Agreement") with the other plaintiffs on that date, pursuant to which these plaintiffs guaranteed that any obligation of Triangle under the Purchase Agreement to make a cash payment to the defendant would be satisfied.

The plaintiffs instituted this action seeking a judgment declaring that Triangle was not liable to make a cash payment to the defendant under the terms of the Purchase Agreement and that the other plaintiffs were not liable to make a cash payment to the defendant under their guarantees. The plaintiffs maintained that the defendant's demand for the cash payment was untimely.

The defendant moved to stay the action pending arbitration based on the Guaranty Agreement which provided for arbitration to resolve disputes arising under that agreement. The plaintiffs cross moved to stay arbitration pending a determination of this action based on paragraph 9.11 (b) of the Purchase Agreement. That section provided that disputes arising under the Purchase Agreement were to be resolved by the courts. The Supreme Court granted the defendant's motion, denied the plaintiffs' cross motion and stayed the action pending arbitration.

We reverse. The basic question to be resolved is whether the defendant served a timely demand for payment under the Purchase Agreement. If the demand was not timely, Triangle has no obligation to make the payment and the Guaranty Agreement, to which, we note, Triangle was not a party,

would cease to operate, as the other plaintiffs would have nothing to guarantee. Any rights arising under the Guaranty Agreement are dependent upon the existence of the underlying liability which can only be determined under the Purchase Agreement. Disputes arising thereunder are to be resolved by the courts, pursuant to the parties' agreement.

Accordingly, the arbitration is stayed pending determination of this action. Concur—Sullivan, J. P., Rosenberger, Wallach, Ross and Asch, JJ.